**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 15-tp-20087-KMM-1

UNITED STATES OF AMERICA

v.

HORACE MILTON BLACK,

     Defendant.

                                /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the Government's Petition for Revocation of

Supervised Release. ("Pet.") (ECF No. 16). Magistrate Judge Jacqueline Becerra conducted an

evidentiary hearing on August 11, 2020. (ECF No. 49). Subsequently, Magistrate Judge Becerra

issued a Report and Recommendation recommending that the Court (1) adopt the finding that

Defendant violated his conditions of supervised release as alleged in Violation 3 of the Petition,

(2) revoke Defendant's supervised release, and (3) hold a sentencing hearing to determine the

appropriate disposition. ("R&R") (ECF No. 59). Defendant filed objections. ("Objs.") (ECF No.

62). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court "must determine *de novo* any part of the magistrate judge's disposition that has been

properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party

files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem,*

*Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently

specific and not a general objection to the report" to warrant *de novo* review. *Id.* However,

objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R."). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015).

On April 14, 2005, Defendant was sentenced in the Middle District of Alabama to one-hundred and forty (140) months of imprisonment to be followed by five years of supervised release for armed robbery and aiding and abetting armed robbery. (ECF No.1). The case was transferred to the Southern District of Florida on November 24, 2015. *Id.*

On September 9, 2019, Defendant was arrested. Relevantly, Jacksonville Sheriff's Officer William Campbell ("Officer Campbell") provided Florida Highway Patrol Trooper Rickie Zigler ("Trooper Zigler") with information regarding Defendant's vehicle in connection with a large narcotics investigation he had been conducting. *See* R&R at 6. Specifically, Officer Campbell learned that two targets were planning to execute the sale of a half-kilogram of cocaine on the night of September 9, 2019. *See id.* "The two targets were a man identified as Roosevelt Lewis [("Lewis")], who was brokering the sale, and a second individual who he identified as UM 9, who

was the person supplying the cocaine to Lewis." *Id.* Defendant was pulled over by Trooper Zigler

for a traffic infraction on Interstate 4. *Id.* at 3. Trooper Zigler was assisted in the traffic stop and

subsequent search of the vehicle by Florida Department of Financial Services Detective Edy

Rivera ("Detective Rivera"). *Id.* Upon conducting the search, Trooper Zigler and Detective Rivera

discovered two bags of what was later confirmed to be cocaine. *See id.* at 5.

Notably, Officer Campbell's investigation included wiretaps, which intercepted a phone

call between UM 9 and Lewis in which UM 9 states, "Bro they got me pulled bro give me a minute

I'll call ya" and which took place less than a minute after Trooper Zigler activated his emergency

lights, and before Defendant came to a stop on the side of the road. *See id.* at 8. Therefore, "Officer

Campbell concluded that the man operating the vehicle that Trooper Zigler was stopping was UM

9 and the same man that he previously heard on intercepted calls with Lewis"—although Officer

Campbell could not testify that the voice was that of Defendant's because he was not in

Defendant's presence when Defendant was speaking. *Id.* Additionally, the cell phone associated

with UM 9 had a (321) area code, while only one telephone with a (305) area code was recovered

from Defendant. *See id.* at 7; Objs. at 4.

On September 19, 2019, the United States Probation Office filed the instant Petition based

on Defendant's arrest on September 9, 2019 in Volusia County, Florida. *See generally* Pet. The

Petition charges Defendant with four violations: (1) Trafficking in cocaine, in violation of Florida

Statute 893.135; (2) Cocaine possession, in violation of Florida Statute 893.13.6a; (3) Cocaine

possession with intent to sell, in violation of Florida Statute 893.13.1a1; and (4) Possession of

Drug Paraphernalia, in violation of Florida Statute 893.13.1a1. *See* Pet. at 2.

As set forth in the R&R, Magistrate Judge Becerra finds that (1) Violations 1 and 2 should

be dismissed as lesser included offenses if Defendant violated his supervised release as to

Violation 3, (2) Defendant violated his conditions of supervised release by possessing with the intent to distribute cocaine as charged in Violation 3 of the Petition, and (3) the Government has not met its burden as to Violation 4.  R&R at 9–13.  Specifically, as to Violation 3, Magistrate Judge Becerra finds by a preponderance of the evidence that "Defendant possessed the cocaine that was in the vehicle he was driving at the time of the traffic stop with the intent to sell it."  *Id.* at 9.  Accordingly, Magistrate Judge Becerra recommends that the District Court adopt the finding that Vernon violated his conditions of supervised release as alleged in Violation 3, revoke Defendant's supervised release, and hold a sentencing hearing to determine the appropriate disposition.  *Id.* at 13.  This Court agrees.

In the Objections, Defendant objects to Magistrate Judge Becerra's finding as to Violation 3 and also asserts that "violations #1 and #2 should still be dismissed since the alleged conduct in this case does not support a finding that Defendant knowingly trafficked cocaine or 'knew of the existence of the substance and intentionally exercise[d] control over it.'"  Objs. at 1–2.  Defendant provides no case law in support of his objections; rather he relies on (1) the Government's failure to identify his voice, (2) the Government's inability to produce a telephone with a (321) area code, and (3) the lack of evidence as to how long the vehicle containing the controlled substances in question was in Defendant's possession, in support of his argument that the evidence presented at the evidentiary hearing was insufficient to prove that he possessed the intent to sell or that he had knowledge of the presence of the substance in the vehicle.  *See id.* at 2, 8.

However, Magistrate Judge Becerra considered and rejected these arguments in the R&R.  *See* R&R at 11–12.  As to Defendant's first argument, Magistrate Judge Becerra credited Officer Campbell's testimony that the voice of the person he identified as the supplier of the cocaine from the call earlier in the day and other calls was the same voice of the person who alerted Lewis of

the traffic stop.  *See* R&R at 11.  Moreover, Magistrate Judge Becerra found that the call alerting

Lewis of the stop was recorded at approximately the same time that Defendant was being stopped

by Trooper Zigler, and that "[i]t would be highly unlikely that UM 9 was somewhere else being

stopped at the same time and that the GPS system that identified the movement of UM 9 consistent

with the movement of Defendant's vehicle would have also been incorrect."  *Id.*  Additionally,

Magistrate Judge Becerra found that while "evidence that the telephone in Defendant's possession

at the time of his arrest matched the one identified as the one UM 9 was using would be highly

incriminating," the absence of the cellular phone with the (321) area code "does not detract

sufficiently from the remainder of the evidence."  *Id.*  Finally, Magistrate Judge Becerra concluded

that the evidence presented would still be sufficient to find that Defendant violated the terms of

his supervised release, "even if one were to assume that UM 9 was being stopped at the same time

somewhere else, that the GPS information was incorrect, and that Defendant was not the person

on the earlier calls with Lewis."  *Id.* at 11–12.  Specifically, Magistrate Judge Becerra found by a

preponderance of the evidence that (1) Defendant was stopped in a car with half of a kilogram of

cocaine, (2) the cocaine was within his reach, and therefore, within his possession, (3) it is unlikely

that cocaine in that amount and of that value would be in the car that Defendant was driving without

his knowledge, and (4) the cocaine was of a quantity that supports a finding that it was for sale and

not for personal use.  *See id.* at 12.

      Here, Defendant merely rehashes his earlier arguments and therefore is not entitled to a *de*

*novo* review.  *Camardo*, 806 F. Supp. at 382.  Accordingly, the Court concludes that no clear error

was made, and agrees with Magistrate Judge Becerra's findings in the R&R.  *Keaton*, 2015 WL

12780912, at *1 ("[T]he court need only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation.").

UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 59) is ADOPTED and the Court finds that Defendant violated his conditions of supervised release as alleged in Violation 3 of the Petition.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of January, 2021.


K. M. Moore
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE


c: All counsel of record